**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Javier Rivera-Vega,<br><br>　　　　　　Defendant. | No. CR-14-01520-13-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Javier Rivera-Vega's Motion to Suppress and Request for *Franks* Hearing (Doc. 126).

**I.　　LEGAL STANDARD**

Under *Franks v. Delaware*,

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. . . . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no

> hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

438 U.S. 154, 171-72 (1978) (footnote omitted). "A defendant is entitled to an evidentiary hearing if he 'makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *United States v. Craighead*, 539 F.3d 1073, 1080 (quoting *Franks*, 438 U.S. at 155-56). "To justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *Id.*

## II.  FACTS

Defendant Javier Rivera-Vega was arrested when federal law enforcement officers served a search warrant on November 24, 2014, at the rented residence of Defendant and his wife, co-defendant Maricela Aceves, located at 2928 North 69th Drive, Phoenix, Arizona. The warrant was issued upon the application of John W. Perez, a Special Agent with Immigration and Customs Enforcement, supported by his 30-page Affidavit. The Affidavit erroneously stated that Defendant "has a 1998 marijuana smuggling conviction" when Defendant had been convicted of marijuana possession, not smuggling.

The Affidavit included a probable cause section with 34 paragraphs of information regarding both Defendant and his co-defendant wife, Maricela Aceves. The Affidavit described evidence that Aceves had acquired five properties, each valued about $100,000, free and clear of any liens, and eleven vehicles, despite minimal reported earnings for Aceves and no earnings for Defendant. It explained the basis for concluding that Defendant and Aceves resided full-time at the rental property and conducted marijuana smuggling activities at Aceves-owned properties occupied by others for the purpose of protecting the properties from government seizure and forfeiture. It further explained the basis for believing that records related to the Aceves-owned properties and marijuana

smuggling activities would be found at the search location where Defendant and Aceves resided.

Among other things, the Affidavit included details about five properties owned by Aceves, surveillance indicating that Defendant and Aceves reside at the rented search location, surveillance of eleven vehicles registered to Aceves, recitation of a drug seizure at one of the Aceves-owned properties, that vans associated with previously seized loads of marijuana had previously been observed at the search location, that a previously court-authorized search conducted on another Aceves-owned property after one of the vans under surveillance had been there revealed that the house contained marijuana residue and related items, surveillance of Defendant and his contact with one of the vans, and that a van identified by a co-defendant as one previously loaded with marijuana had been parked at the search location on numerous occasions.  Further, the Affidavit stated that Defendant drove a vehicle that was observed at the search location and at one of the Aceves-owned properties and that the vehicle was observed running security or surveillance routes for other vans later seized and found to contain controlled substances. The Affidavit also provided information indicating that Defendant was the man identified as "Javier" and perceived to be the boss by an individual hired to pick up a load of marijuana.

**III.   ANALYSIS**

First, to justify an evidentiary hearing, Defendant must make a detailed offer of proof of a deliberate falsehood or reckless disregard for the truth.  Defendant contends that the Court may infer that the Affidavit's reference to a 1998 marijuana "smuggling" conviction instead of a 1998 marijuana "possession" conviction was made recklessly, knowingly, or intentionally because the error was made after a year-long investigation. That is not a detailed offer of proof.

Second, Defendant must show that the false statement is necessary to the finding of probable cause.  The Affidavit provided 34 paragraphs of information about Defendant, his wife, the search location (their residence), properties owned by his wife,

vehicles registered to his wife, and vans associated with marijuana seizures, Defendant, the search location, and properties owned by his wife. The erroneous statement about Defendant's 1998 conviction is not necessary to the finding of probable cause.

Finally, Defendant contends that the erroneous statement made all of the other information about Defendant and his wife appear much more suspicious than it otherwise would. It did not. The Affidavit states that vans associated with previously seized loads of marijuana were observed at the search location, Defendant was observed driving an involved vehicle, and drugs had been seized at one of Defendant's wife's properties. Such facts are not made more suspicious by describing Defendant's 1998 conviction as for marijuana smuggling rather than marijuana possession.

IT IS THEREFORE ORDERED that Defendant Javier Rivera-Vega's Motion to Suppress and Request for *Franks* Hearing (Doc. 126) is denied.

Dated this 7th day of October, 2015.

Neil V. Wake
United States District Judge